# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2011

Lyle W. Cayce
Clerk

No. 09-30771
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCUS C WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:08-CR-81-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

A grand jury indicted Marcus C. Williams for one count of violating 18 U.S.C. § 922(g)(1) by possessing four firearms and ammunition after having been convicted of a felony. Williams pleaded not guilty and proceeded to trial. Although witnesses testified that he possessed all four firearms listed in the indictment, as well as ammunition, the jury found Williams guilty of violating § 922(g)(1) only with respect to a single pistol. When the district court calculated his guideline range of imprisonment, it held Williams accountable for possessing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30771

all four firearms, despite his objection.  The court then sentenced him to the statutory maximum term of 120 months of imprisonment.  18 U.S.C. § 924(a)(2).

Williams argues that the district court violated his constitutional rights by taking into account conduct that the jury acquitted him of committing, but he correctly acknowledges that this argument is foreclosed by *United States v. Watts*, 519 U.S. 148, 157 (1997).  He also contends that his sentence violates his Sixth Amendment right to a jury trial because it would not pass muster under the review for reasonableness set forth in the remedial opinion in *United States v. Booker*, 543 U.S. 220 (2005), except for the judge's finding that Williams possessed the three firearms that the jury acquitted him of possessing.  However, we recently held that "[i]rrespective of whether Supreme Court precedent has foreclosed as-applied Sixth Amendment challenges to sentences within the statutory maximum that are reasonable only if based on judge-found facts, such challenges are foreclosed under our precedent."  *United States v. Hernandez*, 633 F.3d 370, 374 (5th Cir. 2011) (footnote omitted).

AFFIRMED.